IN

# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

**WESTERN DISTRICT.**
NEW-ORLEANS, FEBRUARY, 1838.

BAILEY & WELLS *vs.* HICKMAN.

WESTERN DIST.
*Oct.* 1838.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF NATCHITOCHES, THE JUDGE OF THE SEVENTH PRESIDING.

BAILEY ET AL.
*vs.*
HICKMAN.

12L 415
46 1090

Where the clerk's certificate, at the foot of the record, is insufficient to show that it contains all the evidence on which the case was tried, and there is no statement of facts, the court will not inquire into the facts involved. But if the bills of exception enable the court to examine the questions of law which arose during the trial, the appeal will be maintained.

In a possessory action, solely as such, patents or title papers are inadmissible as evidence; but in a mixed action for the recovery of possession, and vindictive damages for a forcible dispossession, they may be read to the jury to explain the motive with which the party acted, and in mitigation of damages.

Where B. & W. sue in a mixed action, to recover possession and damages for a forcible dispossession, and they allege themselves to be in possession

as joint owners ; join in the claim for damages and these allegations are put in issue by the answer, the court cannot instruct the jury, that if the evidence showed that B. had such possession as would entitle him to a verdict in a possessory action, and there was no evidence in favor of W., they might *find for* B. and against W. This does not accord with the allegations.

If the answers of the plaintiffs, to certain interrogatories of the defendants, on the order of court, were not called for by the interrogatories, they may be disregarded by the jury, under instructions from the court.

This is a mixed action, in which the plaintiffs sue to recover the possession of a tract of land, twenty arpents front, by forty in depth, on the " *Regolets de bon Dieu,*" of Red River, in the parish of Natchitoches, to which they allege joint ownership and possession, but that the defendant has taken the possession thereof, and holds the same without title. They pray to have the possession of said tract of land restored to them, together with ten thousand dollars in damages, for the illegal and forcible dispossession of the premises.

The defendant pleaded the general issue, and also the prescription of one year, in support of his possession. He further avers, that he has made valuable improvements worth three thousand dollars, for which he is entitled to be paid in case of eviction. He also sets up title to the *locus in quo,* having purchased from the United States, and avers his possession in good faith, under a title translative of property, and prays to be quieted in his title and possession of the land in controversy.

Upon these pleadings and issues the cause was tried before the court and a jury.

During the trial, several points of law were made, relative to the admission of evidence, and the instructions given by the court to the jury. Bills of exception were taken to the decision of the judge on these controverted points, which are stated in the opinion of this court, which follows.

Upon the whole evidence of the case, and under the instructions of the court, the jury returned a verdict for the plaintiff, Bailey, and against Wells ; [and judgment was ren-

dered thereon, decreeing to Bailey the possession of the land described in the petition, with fifty dollars in damages and costs. The defendant appealed.

*Dunbar,* for the plaintiffs.

This is a possessory action, in which the right and fact of possession was tried by a jury. The verdict and judgment thereon should not be disturbed, being fully supported by the evidence.

2. The appeal should be dismissed for the insufficiency of the clerk's certificate, which does not show that the record contains all the evidence.

*Winn,* contra, contended, that the court below erred in several matters; and first, in the rejection of the defendant's patents to the land in question, and under which he claims to hold it, which were offered in evidence. This is not merely a possessory action, but one for damages also. He admitted the patents were not admissible as evidence of title merely, but to show the motive of the defendant in entering on the land, and which should at least be received in mitigation of damages. They should have been let go to the jury to show that the defendant was a possessor in good faith, which ought to exonerate him from any claim for damages.

2. The plaintiff's answers to the interrogatories were improper, and ought not to have been allowed to go to the jury. It was, in fact, permitting him to make out his own case. The answers were altogether uncalled for, and improper.

3. The plaintiffs sue as joint owners, and claim possession jointly; therefore, the jury could not legally find in favor of one of them, and against the other, under the pleadings. Judgment was improperly rendered for Bailey, and the suit discontinued as to Wells. It must be for or against both. In this respect the court erred in instructing the jury, and the judgment should be reversed.

*Dunbar,* in reply. The interrogatories were properly

answered, as they related to the title papers, and said nothing about them as being owners. It does not appear by the bill of exceptions, for what purpose the patents were attempted to be introduced in evidence ; and in this respect the bill of exceptions is clearly defective. It should have stated for what purpose the patents were offered ; not having done so, the question of law arising out of the matter cannot be examined.

. ·*Bullard, J.*, delivered the opinion of the court.

In this case, the plaintiffs sue to recover possession of a tract of land, together with damages, for the illegal dispossession by the defendant. They allege, that they had been in possession for many years as joint owners, until they were forcibly dispossessed by the defendants. They lay their damages at ten thousand dollars, for which they claim judgment as well as for restoration to possession.

The defendant denies these allegations, and avers, that he has been in quiet possession for more than twelve months, under a purchase from the United States, and that he holds the land in good faith, and has made valuable improvements. There was a verdict in favor of one of the plaintiffs, and against the other ; and from a judgment rendered on said verdict, for the possession of the premises, and for damages assessed by the jury, the defendant has appealed.

*Where the clerk's certificate at the foot of the record, is insufficient to show that it contains all the evidence on which the case was tried, and there is no statement of facts, the court will not inquire into the facts involved. But if the bills of exception enable the court to examine the questions of law, which arose during the trial, the appeal will be maintained.*

The appellee has moved to dismiss the appeal, on the ground that there is no statement of facts, and that the certificate of the clerk is insufficient to show, that all the evidence upon which the case was tried in the first instance, is now before us. We are of opinion, that the certificate is not sufficient to enable us to inquire into the matters of fact involved in the controversy. But the bill of exceptions in the record enable us to examine the questions of law, which arose during the trial. The appeal is therefore maintained.

From the first bill of exceptions, which has been brought to our notice, it appears, that the defendant offered in evidence, patents for the land in controversy, which were rejected ; and his counsel contended, that although as evi-

dence of title, they may have been inadmissible in a posses-
sory action, yet, they ought to have been read to show the
motives of the defendant, and in mitigation of damages, in a
mixed action like the present. On the other hand, it is
urged, that it does not appear from the bill of exceptions, that
the patents were offered for any other purpose than to show
title. It appears to us, that if the title papers in question,
were admissible, for any purpose under the pleadings, they
ought to have been read subject to the instruction of the
court, that they were to be considered by the jury only for
such purpose. So far as the present action is merely posses-
sory, it is clear, the patents could not be used as evidence of
title. But the plaintiffs sue for vindictive damages, for a
forcible dispossession ; and in mitigation of damages, the
defendant might well show, that he holds patents for the
land ; which, although affording no justification for forcibly
entering on the premises, yet might tend to explain his
motive, and present his acts in a more favorable light to the
jury called on to assess the damages. The good faith is
expressly alleged in the answer, as well as his possession
under the patents. The court, in our opinion, erred.

The next bill relates to the charge of the judge to the
jury. They were instructed, that if the evidence showed
that Baily had such a possession as would entitle him to a
verdict in a possessory action, and there was no evidence in
favor of Wells, they might find for Baily, and against Wells.

The plaintiffs in their petition, allege themselves to be in
possession as joint owners, and they join in the claim for
damages. These allegations are put at issue by the defend-
ant's answer, and that was the issue submitted to the jury.
Damages were claimed for the violation of a right claimed
jointly by the plaintiffs, and it appears to us the court erred
in charging the jury that either could recover without
evidence in support of that allegation.

It is unnecessary to inquire whether the court erred in
ordering the plaintiffs to answer certain interrogatories
annexed to the defendant's answer, because he has not
appealed, and because he answered on the orders of the

WESTERN DIST.
Oct. 1838.

BAILEY ET AL.
vs.
HICKMAN.

In a possesso-
ry action, solely
as such, patents
or title papers
are inadmissible
as evidence; but
in a mixed action
for the recovery
of possession,
and vindictive
damages for a
forcible dispos-
session, they
may be read to
the jury, to ex-
plain the motive
with which the
party acted, and
in mitigation of
damages.

Where B and
W sue, in a mix-
ed action, to re-
cover possession
and damages for
a forcible dis-
possession, and
they allege
themselves to be
in possession as
joint owners;
join in the claim
for damages, and
these allegations
are put in issue
by the answer,
the court cannot
instruct the jury,
that if the evi-
dence showed
that B had such
possession as
would entitle
him to a verdict
in a possessory
action, and there
was no evidence
in favor of W,
they might find
for B and against
W. This does
not accord with
the allegations.

If the answers
of the plaintiffs
to certain inter-

WESTERN DIST. court ; and if the answers on the part of the plaintiffs were
Oct. 1838. not called for by the interrogatories, they might be disre-
garded by the jury under the instruction of the court.

rogatories of the   It is, therefore, ordered, adjudged and decreed, that the
defendant, on   judgment of the District Court be avoided and reversed, the
the order of
court, were not   verdict set aside, and it is further ordered, that the case be
called for by the
interrogatories,   remanded for a new trial, with instructions not to reject the
they may be dis-
regarded by the   patents offered by the defendant, and to abstain from charg-
jury, under in-   ing the jury as stated in the bill of exceptions above men-
structions from
the court.   tioned, and that the appellee pay the costs of the appeal.